UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL SCOTT RITCHIE,

    Plaintiff,                                              Case No: 1:11-cv-855

v                                                       HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

        Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits (DIB).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. Defendant filed a response to the objection.  In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of the portions of the Report and Recommendation to which Plaintiff objects.  The Court denies the objections and enters this Opinion and Order.

        At the outset, the Court observes that Plaintiff's "objections" do not specifically reference any portions of the Magistrate Judge's Report and Recommendation to which he purportedly objects. Local Rule 72.3(b) provides that a party filing objections to a report and recommendation "shall specifically identify the portions of the proposed findings, recommendations or report to

which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). Here, Plaintiff only generally objects to the Magistrate Judge's ultimate conclusions that (1) the ALJ properly assessed Plaintiff's claim that his back impairment meets the requirements of Listing 1.04B (disorders of the spine), and (2) the ALJ properly assessed Plaintiff's credibility. An "objection" that merely "restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin,* 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). As Defendant appropriately observes in its response, duplicative consideration by the district court would defeat the purpose and efficiency of consideration by the magistrate judge in the first instance. *See Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991).

In any event, this Court's review of the record demonstrates no error in either of the Magistrate Judge's conclusions. The Magistrate Judge correctly concluded that the ALJ had properly assessed Plaintiff's claim that his back impairment meets or equals the requirements of Listing 1.04B (R&R, Dkt 18 at 5-8). Indeed, as the Magistrate Judge pointed out, "[e]ven in cases where the claimant has had an impairment which came very close to meeting a listing, this court has refused to disturb the Secretary's finding on medical equivalence" (*id.* at 7-8, quoting *Retka v. Comm'r of Soc. Sec.*, 1995 WL 697215, at *2 (6th Cir. 1994), citing *Dorton v. Heckler*, 789 F.2d 363, 366 (6th Cir. 1986) (per curiam); *Price v. Heckler*, 767 F.2d 281, 284 (6th Cir.1985) (per curiam)).

Additionally, although Plaintiff disagrees with the ALJ's assessment, the Magistrate Judge also correctly concluded that the ALJ had properly assessed Plaintiff's credibility. An ALJ's credibility determination may not be disturbed absent compelling reason. *Smith v. Halter*, 307 F.3d

377, 379 (6th Cir. 2001) (citing *Varley v. Sec'y of Health & Human Svcs.*, 820 F.2d 777, 780 (6th Cir. 1987) (ALJ's credibility determination "should not be discarded lightly"); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) ("This Court may not try the case de novo, ... nor decide questions of credibility."). Here, the Magistrate Judge determined that the ALJ had "articulated her reasons for determining that plaintiff was not credible and cited extensive portions of the administrative record to support her determination" (R&R, Dkt 18 at 16).

In sum, Plaintiff's objections reveal no error by the Magistrate Judge requiring a disposition other than the recommended affirmance. Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 19) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 18) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated: August 27, 2012                                /s/ Janet T. Neff
                                                     JANET T. NEFF
                                                     United States District Judge